### WILLIAM LYALL SHIPBUILDING CO. v. UNITED STATES.

### THE CAP NORD.

(District Court, S. D. New York. December 31, 1925.)

1. Collision ⬳69—Last vessel coming to anchor must allow ample berth space to vessel already anchored.

The last vessel coming to anchor is bound to allow ample berth space to a vessel already anchored.

2. Collision ⬳71(3)—Fault of last vessel coming to anchor in not giving safe berth to vessel anchored held established, and to account for collision.

In action for damages growing out of collision between two vessels in anchorage, fault of last vessel in coming to anchor in not giving safe berth to vessel already anchored held to be clearly established, and to account for collision.

3. Collision ⬳73—In collision between anchored vessels, presumption in favor of vessel first anchored.

In action for damages growing out of collision between two vessels in anchorage, pre-

sumption is in favor of vessel first anchored, which can only be rebutted by clear proof of contributing fault.

In Admiralty. Libel by the William Lyall Shipbuilding Company, owner of the auxiliary motor schooner Cap Nord, against the United States, with cross-libel by the United States against the auxiliary motor schooner Cap Nord, her engines, tackle, apparel, etc., and another. Decree for libelant first named against the United States, and cross-libel of United States dismissed.

Burlingham, Veeder, Masten & Fearey, of New City (Chauncey I. Clark, of New York City, of counsel), for the Cap Nord.

Emory R. Buckner, U. S. Atty., of New York City (George A. Washington, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

WINSLOW, District Judge. This is a suit by the William Lyall Shipbuilding Company, owner of the auxiliary motor schooner Cap Nord, against the United States of America, as owner of the S. S. Kehuku, for damages sustained by the Cap Nord as a result of collision with the Kehuku off Stapleton, Staten Island, on August 13, 1920. The cross-suit is by the United States to recover damages to the Kehuku as a result of the same collision.

The auxiliary schooner Cap Nord anchored off the anchorage grounds, Staten Island, August 11, 1920. In the early evening of the following day, the Kehuku anchored off the Cap Nord's starboard quarter. The distance between the two boats thus anchored was variously estimated by the witnesses to be from 200 to 400 feet. The Cap Nord drew 17 feet 6 inches, and was 280 feet long. The Kehuku drew 27 feet, and was 405 feet long. Both vessels were loaded, and each was anchored on 45 fathoms of chain.

It is practically undisputed that the vessels swung clear of each other on three changes of tide. On the morning of the 13th, the wind was variable, with a maximum velocity of 26 miles. The distance between the two vessels as they thus swung at anchor varied, due to the affect of wind and tide. About noon, or some time between the hours of 11:50 a. m. and 12:15 p. m., on the 13th, the Kehuku's stern brought up against the Cap Nord's bowsprit, damaging both vessels. [1, 2] The Kehuku was the last vessel coming to anchor, and was bound to allow ample berth space to the Cap Nord, then already at anchor. It is quite evident that the officers of the Kehuku had grave doubts as to whether or not they had given the Cap Nord a foul berth. One witness for the Kehuku was evasive, but convinced the court that he at least did not consider the anchorage safe. The chief officer of the Kehuku testified that he came out on deck twice to look at the schooner, the mate having called his attention to the anchorage of the two vessels. The Kehuku had steam up and could have shifted her anchorage, and her engines were in condition to be used at any moment. The Cap Nord could not have shifted her engines, had no steam, and was unable momentarily to have shifted her engines. Although some of the witnesses for the United States have testified that they saw the propellers of the Cap Nord in motion, the inference being that she had shifted her position to a more dangerous one, I do not think this testimony is worthy of serious consideration. I am satisfied that the fault of the Kehuku in not giving a safe berth to the Cap Nord is clearly established and that this is adequate in itself to account for the collision.

[3] The presumption is in favor of the Cap Nord, which can only be rebutted by clear proof of a contributing fault. There is no such proof in this case. The City of New York, 147 U. S. 72, 13 S. Ct. 211, 37 L. Ed. 84; The Oregon, 158 U. S. 186, 15 S. Ct. 804, 39 L. Ed. 943.

The usual decree will be directed in favor of the libelant against the United States, and the cross-libel of the United States will be dismissed.